This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEAN DICKENS,**

Worker-Appellee,

v.                                                          NO.   32,035

**RUSH TRUCK CENTERS OF NEW MEXICO, INC.**
**and HARTFORD INSURANCE COMPANY OF THE**
**MIDWEST, C/O SPECIALTY RISK SERVICES,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers Compensation Judge**

Michael F. Hacker
Albuquerque, NM

for Appellee

Allen, Shepherd, Lewis & Syra, P.A.
Kimberly A. Syra
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Dean Dickens (Worker) cross-appeals from the workers' compensation judge's (WCJ) ruling that Worker is not entitled to permanent partial disability (PPD) benefits because he failed to meet his burden of proof concerning the nature and extent of any impairment due to the work-related pulmonary condition after the maximum medical improvement (MMI) date of July 11, 2010. [RP Vol.II/259, 262, 264, 265] Our notice proposed to reverse and remand, and Employer/Insurer (Employer) filed a memorandum in opposition. We are not persuaded by Employer's arguments and, therefore, reverse and remand for an evidentiary hearing to allow Worker the opportunity to present evidence concerning the nature and extent of any impairment after he reached MMI.

Worker's issues relate to the central contention that the WCJ erred in ruling that Worker is not entitled to PPD benefits on the basis that Worker failed to meet his burden of proof for impairment. [DS 6-7] In support of his position, Worker argues that he reasonably expected that the WCJ was to first address and decide the issue of causation and, if the WCJ ruled in his favor as he did, Worker would then be given a subsequent opportunity to present evidence on impairment. [DS 6] *See generally Madrid v. St. Joseph Hosp.*, 1996-NMSC-064, n.2, 122 N.M. 524, 928 P.2d 250 (recognizing that once a worker has reached MMI, an evaluation of permanent

2

impairment is performed, and the impairment rating is used to calculate the extent of disability and any accompanying benefits eligibility).

In our view, Worker's understanding of the proceedings below is reasonable. The pretrial order sets forth contested Issue 8: "Worker's impairment rating *if a causal connection is found* between . . . Worker's present disability and an accident at work, to a reasonable degree of medical probability." (Emphasis added.) [RP Vol.II/215] Employer does not dispute our notice's reference that a hearing was held on December 15, 2011 [RP Vol.II/221] and that there is no indication that the WCJ orally announced his causation ruling at the hearing. Given the language in the pretrial order and that the causation matter was heavily disputed and was the primary issue in this case, [RP Vol.II/243] we conclude that Worker's understanding that he did not have to introduce evidence of impairment if and until the WCJ found causation was reasonable. [RP Vol.II/253] *See, e.g.*, *Albuquerque Bernalillo Cnty. Water Util. Auth. v. N.M. Pub. Regulation Comm'n and Pub. Serv. Co. of N.M. (ABCWUA)*, 2010-NMSC-013, ¶ 21, 148 N.M. 21, 229 P.3d 494 ("It is well settled that the fundamental requirements of due process in an administrative context are reasonable notice and opportunity to be heard and present any claim or defense." (internal quotation marks and citation omitted)). We note that, consistent with Worker's understanding, his proposed findings of fact and conclusions of law [RP Vol.II/238] acknowledge that

his "chronic hypersensitivity pneumonitis needs to be evaluated for MMI status and impairment rating purposes," [RP Vol.II/249] thereby, reflecting Worker's view that impairment matters remained to be decided and that he would be given an opportunity to do so.

We acknowledge Employer's position that it did not share Worker's understanding and that Worker simply failed to explore discovery and present evidence relevant to any permanent physical impairment. [MIO 2] However, as addressed above, we believe that Worker reasonably understood that he did not have to do so until and if the WCJ found in his favor for causation. We note that, although Employer's proposed Findings 27 and 28 reference MMI, [MIO 2; RP Vol.II/224] Employer's findings and conclusions similarly focus on matters relevant to causation and notice, but not to impairment. [RP Vol.II/222] We further understand Employer to suggest that Worker's credibility was poor, thereby, leading the WCJ to deny Worker any permanent benefits out of an "attempt at justice" since it had otherwise ruled in Worker's favor on causation. [MIO 3] Any assessment of Worker's credibility, however, is unrelated to whether he was improperly denied the opportunity to present evidence of the nature and extent of any impairment after the MMI date of July 11, 2010. [RP Vol.II/262 (ff#43), 264 (cl#3)]

In sum, because we conclude that Worker reasonably understood that he would have an opportunity to introduce evidence of the nature and extent of any impairment after a causation ruling, we reverse and remand with instructions that Worker be given an opportunity to do so in an evidentiary hearing.  We note that, to the extent the parties dispute whether Worker should be allowed to conduct additional discovery below, [MIO 2; DS 7] this is a matter to be addressed by the WCJ in the first instance.

**IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**TIMOTHY L. GARCIA, Judge**